NEW-YORK,
October, 1811.

JACKSON, *ex dem.* GARDNER and others, *against* LAIRD.

JACKSON
v.
LAIRD.

THIS was an action of ejectment, for lot No. 87. in the township of *Camillus.* The cause was tried, at the last *Onondaga* circuit, and a verdict was found for the plaintiff.

A motion was made, in behalf of the defendant, to set aside the verdict and for a new trial, on the discovery of new and material evidence.

It appeared, from the affidavits which were read, that *Eden B. Cornwell* and *Leonard Barton* claimed title to the land ; that the defendant was their tenant, and had been in possession about five years ; and that *Cornwell* had the care and management of the defence of the suit.

The lessor of the plaintiff claimed title under one *George D. Rotter,* or more commonly called *De Rotter Gardner,* the soldier to whom the lot was patented; and he proved that he was a black man and had lived in *Exeter,* in *Rhode Island,* and enlisted in Col. *Green's* regiment; and that when the army was at *White Plains,* he left the *Rhode-Island* regiment, and enlisted in the *New-York* line, as the witness had heard, &c. and that he died in *Exeter,* and that the lessors were his children.

*Cornwell,* in his affidavit, swore, that though *Andrew Fink* was a witness, at the trial of the cause, yet he did not know that *Fink* knew, or could testify, any thing material in the cause, until after the trial. But it appeared from the affidavits read on the part of the lessor, that the defendant, who was not however present at the trial, knew before the trial what *Fink* could testify.

*Fink,* in his affidavit, swore, that he was a captain in the first *New-York* regiment, in the revolutionary war; and that he enlisted *George de Rotter,* as a private in his company, at *Warensburgh,* the 11th *March,* 1776, and

VOL. VIII.                3 Q

On a motion for a new trial, in an action of ejectment, on the ground of the discovery of new and material evidence, since the trial, the affidavits stated that C., who claimed title to the land in the possession of B. his tenant, had the care and management of the defence of the suit, and was present at the trial ; that F. was a witness at the trial ; but that C. did not know, until after the trial, that F. knew or could testify the facts, stated as material; though it appeared that B. the tenant, who was not present at the trial, did know, before the trial, what F. could testify. A new trial was granted, as the evidence stated was material, and the suit being to change a possession of several years.

*De Rotter* was a man of brown complexion, with black eyes and black hair, and was born at *Rhode Island,* &c. as appeared from the enlistment roll, in the witness's possession, and that he died, at *Saratoga,* in *January,* 1777.

*Per Curiam.* The testimony of *Fink* is material, to prove that the ancestor of the lessors of the plaintiff is not the soldier who drew the lot, and that they have no title.

It is true, that *Fink* was present at the trial, and that the defendant knew beforehand what he could prove. But the defendant was not present at the trial, and was a tenant under *Cornwell* and *Barton,* to whom he had abandoned the defence; and *Cornwell* swears, that he knew nothing of this testimony until after the trial. The suit is to change a possession of several years' standing, and that is an auxiliary consideration in support of the motion. The motion is therefore granted, on payment of costs.